**SOMMER CORPORATION, Plaintiff,**

v.

**UNITED FRUIT COMPANY, Defendant Third-Party Plaintiff,**

v.

**PANAMA CANAL COMPANY, Third-Party Defendant.**

**Civ. No. 7025.**

District Court, Canal Zone, Division Balboa.

Jan. 4, 1972.

Henry L. Newell, Balboa, Canal Zone, for plaintiff.

Roy Phillipps, Balboa, Canal Zone, for defendant/third party plaintiff.

Dwight A. McKabney, John L. Haines, Jr. and Earl R. McMillin, Balboa Heights, Canal Zone, for third party defendant.

## STATEMENT OF FACTS

CROWE, District Judge.

The plaintiff, Sommer Corporation, a company doing business in the Canal Zone, brought this action on September 10, 1970 to recover for damages to certain cargo that it shipped during September 1969 from New Orleans to Cristobal, Canal Zone aboard the SS HAR BOKER, a vessel operated by the defendant, United Fruit Company. The Panama Canal Company was impleaded by the United Fruit Company in December 1970 and on July 7, 1971 this Court granted leave to the plaintiff to amend the complaint to make the Panama Canal Company a co-defendant. Plaintiff seeks damage in the sum of $11,007.00 for damages to an electrical transformer, which is one of the three pieces of cargo in the shipment.

The defendant, Panama Canal Company, is a corporate agency and instrumentality of the United States and is specifically empowered to operate docks, wharves, piers and terminal facilities. 2 C.Z.C. § 66(a) (4). Pursuant to such authority it operates terminal facilities at the Port of Cristobal, Canal Zone, where it performs stevedoring on a commercial basis.

On or about September 4, 1969, three packages of electrical equipment were laden aboard the SS HAR BOKER in New Orleans, Louisiana. That vessel is operated by defendant, United Fruit Company, which issued a short form bill of lading to cover the carriage of those goods from New Orleans to Cristobal, Canal Zone. The short form bill of lading incorporates by reference the terms of United Fruit Company's regular long form bill of lading.

The SS HAR BOKER arrived at Cristobal on or about September 11, 1969. The discharge of cargo was performed by the Terminals Division of the Panama Canal Company, and while the transformer, for which plaintiff seeks damages, was being lifted from the hold of the vessel, it struck the coaming of the hatch and was damaged.

The short form bill of lading issued by the defendant, United Fruit Company, in addition to stating that it shall have effect subject to the provisions of the Carriage of Goods by Sea Act of the United States, approved April 16, 1936, by reference includes the company's regular long form bill of lading in the following language:

"This bill of lading is issued and the goods covered hereby are subject to all the terms, provisions, stipulations and conditions stated in the Company's regular long form of bill of lading (Form No. D–2011) with which the shipper hereunder is understood to be familiar, and which has been furnished to shippers generally and is obtainable from the Company by any shipper on request and is on file and open for shipper's inspection at the Company's Freight Department offices and its other offices, which terms, provisions, stipulations and conditions of said long form of bill of lading are hereby incorporated by reference in this short form bill of lading with the same force and effect for all purposes as if the same were severally fully and specifically set forth herein."

The United Fruit Company's long form bill of lading contains paragraph 17, which limits the loss or damage to goods to $500.00 per package, and paragraph 21, which embraces stevedores, as well as others, in this limitation. The two paragraphs are as follows:

"17. Valuation. In case of any loss or damage to or in connection with goods exceeding in actual value $500 lawful money of the United States, per package, or, in case of goods not shipped in packages, per customary freight unit, the value of the goods shall be deemed to be $500 per package or per unit, on which basis the freight is adjusted, and the carrier's liability, if any, in any capacity, shall be determined on the basis of a value of $500 per package or per customary freight unit, unless the nature of the goods and a valuation higher than $500 shall have been declared in writing by the shipper upon delivery to the carrier and inserted in this bill of lading and extra freight paid if required, and in such case if the actual value of the goods per package or per customary freight unit shall exceed such declared value, the value shall nevertheless be deemed to be the declared value and the carrier's liability, if any, shall not exceed the declared value.

"21. Every agent or employee of the carrier or shipowner and every independent contractor who performs any part of the services provided by the carrier or shipowner, including the vessel's officers and crew, stevedores, shoreside employees, crane and other machinery operators, shall have the same rights, privileges, limitations of liability, immunities and powers provided for the carrier or shipowner by this contract, or by any statute or regulation, the foregoing contract provisions being made by the carrier and shipowner for the benefit of the several other persons and parties performing services in respect of loading, discharging, handling or custody of the goods, or otherwise."

From plaintiff's interrogatories addressed to the defendant, United Fruit Company, it appears that Trans Marine Company was the forwarding agent and this company also is shown on the bill of lading as follows:

"SHIPPER SOMMER CORP. (L.R.) BY TRANS MARINE CO. AGENT."

This company also appears on two other lines in the heading of the bill of lading as follows:

"FORWARDING AGENT-REFERENCES TRANS MARINE CO FMC 325 "CONSIGNED TO ORDER OF TRANS MARINE CO."

From the answers to the interrogatories propounded by plaintiff it appears that Trans Marine prepared and furnished to the United Fruit Company for execution the bill of lading in question and it was signed by an agent of the defendant, United Fruit Company, and returned to Trans Marine. Trans Marine did not ask for a long form bill of lading and its attention was not called to the clauses contained in the long form bill of lading. However, Trans Marine has been doing business as a freight forwarder with the United Fruit Company in New Orleans for over 20 years and the United Fruit Company has made available to Trans Marine, as requested, copies of its bills of lading. Trans Marine keeps a supply of United Fruit Company's bills of lading and dock receipts in its office and prepares them as necessary for shipments it forwards on United Fruit Company vessels.

On November 24, 1971, after oral argument, it was held that the maximum liability against the United Fruit Company is under the Carriage of Goods by Sea Act and the United Fruit Company is entitled to recover over and against the Panama Canal Company for any amount that the United Fruit Company may be held liable to the plaintiff under the Act.

The only question that appears on this motion, which is made pursuant to Rule 56(b), Federal Rules of Civil Procedure, is whether or not the United Fruit Com-

pany's long form bill of lading is adopted by reference in its short form bill of lading and thus the liability of the defendant, Panama Canal Company, as stevedore, is limited to $500.00 per package for any damage that was done to plaintiff's cargo.

Plaintiff argues that the long form bill of lading constitutes a contract of adhesion and that any special provisions not uniformly standard in and not required by COGSA must be narrowly and strictly construed against the carrier and that paragraph 21 of the long form bill of lading, which extends the benefits of the Act to stevedores, is not uniformly standard. Plaintiff argues further that therefore it should have been included in the short form bill of lading or that there should have been some warning on the face of the short form concerning this exception as it differs from the COGSA provisions.

Plaintiff relies on Encyclopedia Britannica, Inc. v. SS Hong Kong Producer, 422 F.2d 7, decided by the Second Circuit in 1969, but in that case there was no evidence that either plaintiff or its agent in New York, United Cargo Corporation, which handled the shipping, had previously been issued a bill of lading containing the clause in question, nor that the appellant had ever had any business dealings with the appellee.

From the pleadings and the evidence upon which the motion is submitted it does not appear that the clause in question in this case is unusual and even though it is a contract of adhesion, it appears to fall within the requirements set out in the Britannica case, requiring strict and narrow construction because of the definitive language embracing "stevedors, shore-side employees, crane and other machinery operators . . .".

In the Supreme Court case relied upon by the defendant, Panama Canal Company, Robert C. Herd & Co. v. Krawill Machinery Corp., 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed.2d 820, the Court stated that neither COGSA nor the limitation of the carrier's liability in the bill of lading in

question applied to or limited the liability of a negligent stevedore, but that the parties could, by express language, limit the liability of negligent stevedores and "this appears to be the universal practice".

It seems, therefore, that the clause limiting the liability of negligent stevedores is a universal practice and plaintiff's forwarding agent was long familiar with United Fruit Company's bills of lading and, as was stated in Michael v. S. S. Thanasis, 311 F.Supp. 170 (D.C. 1970) "this fact alone would distinguish the present case from those instances where an unwitting and ingenuous individual is "hoodwinked" into signing a document the contents of which he is patently unfamiliar or aware." A strict construction of the clause would clearly extend the benefits of the limitation to stevedores. For these reasons, the motion of the Panama Canal Company for partial summary judgment is sustained and plaintiff may not recover more than $500.00 and its costs.